UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1379-CAS (JEMx)<br>CV 12-1380-CAS (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.; CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Paul Fleishman | David Hadek |
| | Attorneys Present for Third-Party Defendants |
| | Rebecca Mocciaro |

**Proceedings:** **THIRD-PARTY DEFENDANT'S MOTION FOR LEAVE OF COURT TO ALLOW EXPERT TESTIMONY OF RICK BLOCK** (filed February 13, 2013)

## I. INTRODUCTION & BACKGROUND

On February 17, 2012, plaintiffs Charan Mellor and Matthew Wilson filed their respective suits against defendants Solomon Entities Defined Benefit Pension Plan, Kenneth A. Solomon ("Solomon defendants"), and Does 1–10, inclusive. Plaintiffs's claims arise out of the allegedly improper payment of pension benefits in accordance with the terms of an ERISA-governed plan. On April 13, 2012, defendants filed a third-party complaint against third-party defendant Liden, Nestle, Soled & Associates, Inc ("Liden"), seeking indemnification for any damages owed to plaintiffs.

On July 16, 2012, the Court held a scheduling conference in both of these matters, at which counsel for all parties appeared. The Court set a fact discovery cut-off of January 18, 2013, a motion cut-off of February 13, 2013, and a trial date of April 5, 2013.

On February 13, 2013, Liden filed a motion for leave to allow the expert testimony of Richard Block at trial. Plaintiffs have each opposed the motion, and Solomon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1379-CAS (JEMx)<br>CV 12-1380-CAS (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.; CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

defendants have filed a notice of non-opposition to Liden's motion. The Court held a hearing on March 18, 2013. After considering the parties' arguments, the Court finds and concludes as follows.

## II. ANALYSIS

Liden contends that Block, an independent actuary, will testify as to how the benefit calculations were made by Liden, and the bases for their recommendations to Solomon as the administrator of the plan. Mot. at 3. Liden contends that Block's testimony will assist the Court in understanding the "complex calculation and analysis" required for determining the benefits owed under the plan. And because Block's testimony will merely corroborate that of Liden's two percipient witnesses at trial, Liden maintains that plaintiffs will suffer no prejudice as a result of Block's testimony. At most, Liden contends that its defense against Solomon's third-party claims "incidentally" supports Solomon's defenses to the actions filed by plaintiffs.

Federal Rule of Civil Procedure 26(a)(2) governs the timing and substance of the required disclosures for the use of expert testimony at trial. First, any expert witness must be disclosed "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). Second, the expert witness disclosure must be accompanied by a written report from the expert. Fed. R. Civ. P. 26(a)(2)(B). This report must set forth:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1379-CAS (JEMx) <br> CV 12-1380-CAS (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.; CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Id.

Here, Liden's disclosure of expert witness Block is both untimely and inadequate. The Court issued a scheduling order on July 16, 2012, which set a trial date of April 5, 2013. Liden was represented by counsel at this scheduling conference; in fact, the Court continued the conference to accommodate Liden's counsel's failure to appear at the originally-scheduled conference. As such, Liden's January 31, 2013 disclosure of Block as an expert, only 64 days before trial, was untimely. Second, even if the Court were to disregard the untimeliness of Liden's disclosure, it was plainly inadequate under Rule 26. Liden's disclosure statement only provides that Block will testify as to "(a) the standard of care relative to conduct alleged in this action against Liden, (b) the Administrator of the Solomon Entities Benefit Pension Plan, and (c) the manner in which the plaintiff's benefits were calculated by the Administrator with the assistance of Liden." Liden readily admits that it has not disclosed a report at any time that complies with the Federal Rules of Civil Procedure, instead contending that it should not have to bear the expense of an expert report until after this motion. This argument is unavailing, as the Federal Rules demand otherwise.

Liden makes two additional arguments that are equally without merit. First, the fact that the Court continued the deadline to mediate in this case—pursuant to the parties' joint stipulation—does not excuse Liden's failure to abide by the dictates of Rule 26. Second, the Court concludes that Liden should not be excused from its failure to timely disclose its expert by Federal Rule of Civil Procedure 37(c)(1). This rule provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1379-CAS (JEMx)<br>CV 12-1380-CAS (JEMx) | Date | March 18, 2013 |
|---|---|---|---|
| Title | MATTHEW WILSON V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL.; CHARAN MELLOR V. SOLOMON ENTITIES DEFINED BENEFIT PENSION PLAN, ET AL. | | |

Id. Liden cannot avail itself of the "harmless" prong of Rule 37(c)(1) by arguing that Block's expert testimony is "no different" than that of Liden's percipient witnesses, or that his testimony is "of 'minor' importance" and merely "cumulative, supportive, and foundational" to other evidence. Plainly, without Liden making the required disclosures at any time, the Court cannot determine whether such a failure to disclose was "harmless" based only upon Liden's statements to that effect on this motion.

## III. CONCLUSION

In accordance with the foregoing, Liden's motion for leave to present the expert testimony of Richard Block is hereby DENIED.

The Court hereby continues the bench trial to **April 5, 2013, at 12:00 P.M.** In the event plaintiffs prevail, the trial on the third-party complaint by Solomon Entities Defined Benefit Pension Plan, et al. versus Liden, Nestle, Soled & Associates will be bifurcated and tried at a time that is mutually convenient to the parties.

IT IS SO ORDERED.

|  |  | 00 | : | 01 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |